*Brito v. Babygrande Records, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RUSTY BRITO p/k/a JR WRITER,

Plaintiff,

v.

BABYGRANDE RECORDS, INC.,

Defendant.

Civil Action No. _____

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, ACCOUNTING, UNJUST ENRICHMENT, VIOLATION OF THE LANHAM ACT, AND DECLARATORY RELIEF

### I. NATURE OF THE ACTION

1. This is an action by a recording artist and registered copyright owner against his former record label for copyright infringement, breach of contract, failure to account, unjust enrichment, false designation of origin, and declaratory relief arising from the exploitation of three commercial albums over a period of seventeen years without a single royalty payment or accounting statement.

2. Plaintiff Rusty Brito p/k/a JR Writer ("Plaintiff" or "Brito") entered into a recording agreement with Defendant Babygrande Records, Inc. ("Babygrande" or "Defendant") on or about September 1, 2007. Pursuant to that agreement, Plaintiff recorded three albums:

- 1 -

Writer's Block 5 (released November 2007), Politics & Bullshit (released June 2008), and Cinecrack (released March 31, 2009) (collectively, the "Albums").

3. Plaintiff holds two approved United States copyright registrations for the Albums. The U.S. Copyright Office has approved Registration No. SR0001055838 for Writer's Block 5, listing Rusty Junior Brito as sole author and claimant with no work-for-hire designation. The Copyright Office has also approved Registration No. SR 1-068-282 (effective February 7, 2026; decision date May 29, 2026) for Cinecrack, likewise listing Rusty Junior Brito as sole author and claimant with no work-for-hire designation. Babygrande holds no competing registration for either album.

4. Since the release of the Albums in 2007, 2008, and 2009, Babygrande has continuously exploited all three albums on Spotify, Apple Music, Amazon Music, YouTube, and other major digital streaming platforms. In seventeen years, Babygrande has paid Plaintiff zero dollars in royalties and provided zero accounting statements, notwithstanding a contractual obligation to render semi-annual statements.

5. Babygrande has also licensed Plaintiff's recordings to third-party distributors, including The Orchard Enterprises, Inc. ("The Orchard"), a Sony Music subsidiary. As a result of that downstream licensing, The Orchard is presently registered as a 100% claimant on approximately 100 tracks from Plaintiff's Babygrande-era catalog at SoundExchange, the statutory performance rights organization, in direct conflict with Plaintiff's own 100% SoundExchange registrations across those same tracks. Every one of those disputes remains unresolved, with performance royalties held in escrow. Babygrande has never disclosed this licensing arrangement or the royalties it generated.

6. In addition to withholding all royalties, Babygrande underpaid Plaintiff by approximately $135,000 on the recording fund for Cinecrack. The recording agreement provided for a $150,000 recording fund for the second album. Plaintiff received approximately $10,000 to $15,000, leaving a shortfall of approximately $135,000 to $140,000.

7. This action seeks (a) damages and injunctive relief for copyright infringement of three registered albums; (b) breach of contract damages for unpaid recording funds, royalties, and accounting obligations; (c) a court-ordered accounting of seventeen years of revenues

across all three albums; (d) disgorgement of unjust enrichment; (e) relief under the Lanham Act for Babygrande's false chain-of-title representations to third parties including The Orchard; and (f) a declaratory judgment establishing Plaintiff's exclusive right to collect SoundExchange performance royalties across the disputed catalog.

## II. JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a), as this action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1125(a). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) because Defendant Babygrande Records, Inc. maintains its principal place of business at 101 West 23rd Street, Suite 296, New York, New York 10011, and the acts of infringement and breach complained of herein occurred in substantial part in this district.

## III. THE PARTIES

10. Plaintiff Rusty Brito, professionally known as JR Writer, is an individual residing at 107 W 88th Street, Apt 5 New York, NY 10024. Plaintiff is a recording artist, performer, lyricist, and registered copyright owner of two of the three Albums.

11. Defendant Babygrande Records, Inc. is a corporation with its principal place of business at 101 West 23rd Street, Suite 296, New York, New York 10011. At all relevant times, Babygrande has been in the business of recording, distributing, licensing, and commercially exploiting sound recordings, including the Albums. Babygrande is operated by Chuck Wilson, who has communicated directly with Plaintiff and personally disputed Plaintiff's DMCA takedown of Writer's Block 5 with Amazon Music.

## IV. FACTUAL ALLEGATIONS

### A. The Recording Agreement

12. On or about September 1, 2007, Babygrande entered into a personal recording agreement (the "Agreement") with Writers Block, Inc. ("Grantor"), a furnishing entity for Rusty

Brito p/k/a JR Writer as a recording artist. The Agreement provided for an initial period and one option period, each requiring delivery of one album.

13. The Agreement provided Plaintiff with a recording fund of $100,000 for the first album and $150,000 for the second album, and a profit participation equal to forty percent (40%) of Babygrande's "Net Profits" from the exploitation of the masters. The Agreement required Babygrande to render semi-annual accounting statements to Plaintiff.

14. Babygrande exercised its option for the second contract period. In or around March 2008, the parties executed a Second Amendment to the Agreement. One version of the Second Amendment, dated March 28, 2008, required Babygrande to pay Plaintiff $7,500 and Plaintiff's attorney $5,000 by April 15, 2008, and provided that failure to make such payment would void the Recording Agreement. A second version, dated March 30, 2008, modified the voiding consequence to apply only to the Amendment. The fully executed version and Babygrande's compliance with the April 15, 2008 payment obligation are among the matters to be established through discovery.

**B. Copyright Ownership: Writer's Block 5**

15. Writer's Block 5 was released by Babygrande in November 2007 and consists of fourteen (14) tracks. Plaintiff applied for and obtained United States Copyright Registration No. SR0001055838, approved by the U.S. Copyright Office. The registration identifies the sole author and claimant as Rusty Junior Brito and expressly states that the work was not made for hire.

16. Babygrande has never registered a copyright in Writer's Block 5. Under 17 U.S.C. § 410(c), Plaintiff's approved registration constitutes prima facie evidence of the validity of his copyright and the facts stated therein. Babygrande bears the burden of proving any superior rights and has no competing registration on which to rely.

17. Babygrande has continued to exploit Writer's Block 5 on streaming platforms without authorization. On February 12, 2026, Plaintiff filed a DMCA takedown notice with Amazon Music asserting his registered copyright in Writer's Block 5. Chuck Wilson of Babygrande disputed the takedown (Amazon confirmed his contact as chuck@babygrande.com), demonstrating that Babygrande is actively challenging

*Brito v. Babygrande Records, Inc.*

Plaintiff's ownership while continuing to exploit the album and collect revenue therefrom. This constitutes willful infringement.

## C. Copyright Ownership: Cinecrack

18. Cinecrack was released by Babygrande on March 31, 2009, and consists of fifteen (15) tracks: Intro, Never in a Million, Do My Do, Jesse James, Going In, Shutem Down, Cinecrack, Extermination, Gorilla Musik, Die If You Try Me, Ya Tu Sabe, A&E Show, Hands Up High, Fight Musik, and Maxine.

19. Plaintiff applied for and obtained United States Copyright Registration No. SR 1-068-282 for Cinecrack. The application was filed February 7, 2026, and the registration was approved by the U.S. Copyright Office with a decision date of May 29, 2026. The registration identifies the sole author and claimant as Rusty Junior Brito (pseudonym: JR Writer), states that the work is a sound recording, and expressly states that it was not made for hire. Babygrande has filed no competing registration.

20. The recording fund for the second album was $150,000 under the Agreement. Plaintiff received approximately $10,000 to $15,000 in connection with Cinecrack, resulting in an underpayment of approximately $135,000 to $140,000. Babygrande has never paid the balance of the promised recording fund.

## D. Politics & Bullshit

21. Politics & Bullshit was released by Babygrande in June 2008 and consists of fifteen (15) tracks. Babygrande holds registration No. SR0000970350 for Politics & Bullshit. Regardless of the ownership of the masters, Plaintiff performed on and recorded the album as the featured artist, and Babygrande was at all times obligated to render accounting statements and pay royalties in respect of that album under the Agreement or any other arrangement governing it. As an author of the underlying musical compositions on multi-artist tracks, Plaintiff independently holds co-ownership rights under 17 U.S.C. § 201(a) as a joint author, which rights vest upon creation and require no separate agreement.

## E. Seventeen Years of Non-Payment and Non-Accounting

- 5 -

*Brito v. Babygrande Records, Inc.*

22. Across all three Albums, representing forty-four (44) tracks released over a two-year period, Babygrande has paid Plaintiff zero dollars in royalties. The Albums have been continuously exploited on all major digital streaming platforms from their respective release dates through the present, generating substantial ongoing revenue that Babygrande has retained without disclosure or payment to Plaintiff.

23. The Agreement required Babygrande to render semi-annual accounting statements. Over the approximately seventeen years since the first album's release, Babygrande was obligated to render approximately thirty-six (36) or more such statements. Babygrande has sent none. Plaintiff has never received a single accounting statement from Babygrande for any of the Albums.

24. On February 17, 2026, Plaintiff's counsel, Mills Legal, sent a formal letter of representation to Chuck Wilson at Babygrande, directing all further communications through counsel and demanding preservation of all contracts, amendments, royalty statements, accounting records, and payment history. Babygrande has not produced any such records, rendered any accounting, or made any offer of payment.

**F. Babygrande's Downstream Licensing to The Orchard and the SoundExchange Dispute**

25. SoundExchange is the statutory mechanical and performance royalty collection organization designated under 17 U.S.C. § 114 to collect and distribute digital performance royalties to featured artists and sound recording rights holders. When multiple parties claim the right to receive SoundExchange royalties for the same recording, SoundExchange's overlap dispute process places the contested royalties in escrow pending resolution.

26. Plaintiff has registered his ownership claims at SoundExchange for his Babygrande-era catalog. SoundExchange's records reflect that The Orchard Enterprises, Inc. ("The Orchard"), a subsidiary of Sony Music Entertainment, is also registered as a 100% claimant for approximately 100 tracks from Plaintiff's Babygrande-era catalog, with a collection commencement date traced to May 11, 2020 for most entries. Every one of these overlapping claims is currently in active "Dispute" status. None have been resolved through SoundExchange's formal dispute process.

27. The Orchard's SoundExchange registrations reflect that Babygrande licensed Plaintiff's recordings to The Orchard, thereby enabling The Orchard to register as the rights holder and collect performance royalties across Plaintiff's catalog through SoundExchange. Babygrande entered into this licensing arrangement and collected licensing fees without disclosing this to Plaintiff, without seeking Plaintiff's consent, and without remitting any portion of the resulting revenues to Plaintiff.

28. One entry in the SoundExchange overlap report (Overlap ID 102609324) shows The Orchard itself disputing Babygrande's own SoundExchange registration, meaning the chain of title flowing from Babygrande to The Orchard is contested even within The Orchard's own claims framework. This internal inconsistency further demonstrates the defectiveness of Babygrande's purported ownership position and the chain-of-title representations Babygrande has made to third parties.

29. The SoundExchange overlap records confirm that Plaintiff's performance royalties on approximately 100 tracks are currently held in escrow and have not been distributed to any party. These withheld funds represent a documented, quantifiable category of unpaid royalties directly attributable to Babygrande's failure to properly disclose and account for its licensing activities.

30. In representing to The Orchard and to SoundExchange that it holds the right to license Plaintiff's sound recordings and to receive 100% of the resulting performance royalties, Babygrande made false and misleading representations of fact concerning the origin and ownership of Plaintiff's recordings, in commerce, within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Copyright Infringement — Writer's Block 5 (17 U.S.C. § 501)**

31. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

32. Plaintiff is the registered copyright owner of Writer's Block 5 under U.S. Copyright Registration No. SR0001055838, approved by the U.S. Copyright Office, listing Rusty Junior Brito as sole author and claimant, not work for hire. This registration constitutes prima facie evidence of validity and ownership under 17 U.S.C. § 410(c).

33. Without authorization from Plaintiff, Babygrande has reproduced, distributed, publicly performed, and otherwise exploited Writer's Block 5 on commercial streaming platforms and has licensed it to third parties including The Orchard, collecting revenues from each. This exploitation is ongoing.

34. Babygrande's infringement is willful: when Plaintiff filed a DMCA takedown with Amazon Music on February 12, 2026 asserting his registered copyright, Babygrande disputed it through Chuck Wilson, demonstrating that Babygrande knew of Plaintiff's registered ownership and chose to continue its unauthorized exploitation.

35. Plaintiff is entitled to statutory damages of up to $150,000 per work pursuant to 17 U.S.C. § 504(c)(2) for willful infringement across all fourteen (14) tracks of Writer's Block 5, plus attorneys' fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF

### Copyright Infringement — Cinecrack (17 U.S.C. § 501)

36. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

37. Plaintiff is the registered copyright owner of Cinecrack under U.S. Copyright Registration No. SR 1-068-282 (effective February 7, 2026; decision date May 29, 2026), listing Rusty Junior Brito as sole author and claimant, not work for hire. Babygrande holds no competing registration.

38. Without authorization from Plaintiff, Babygrande has reproduced, distributed, publicly performed, and otherwise exploited Cinecrack on commercial streaming platforms and licensed it to third parties, including The Orchard, collecting revenues without remitting any portion to Plaintiff. This exploitation is ongoing.

*Brito v. Babygrande Records, Inc.*

39.     Plaintiff is entitled to statutory damages of up to $150,000 per work pursuant to 17 U.S.C. § 504(c)(2) across all fifteen (15) tracks of Cinecrack, plus attorneys' fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief pursuant to 17 U.S.C. § 502.

## THIRD CLAIM FOR RELIEF

### Breach of Contract

40.     Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

41.     The Agreement constitutes a valid and binding contract. Plaintiff performed all of his obligations, having recorded and delivered three albums including required delivery materials and side artist performances.

42.     Babygrande has materially breached the Agreement by: (a) failing to pay any royalties or profit participation on any of the three Albums for approximately seventeen years; (b) failing to render semi-annual accounting statements, of which approximately thirty-six or more were required and none were provided; (c) failing to pay the full $150,000 recording fund for the second album, paying only approximately $10,000 to $15,000 and leaving a shortfall of approximately $135,000 to $140,000; and (d) licensing Plaintiff's recordings to third parties including The Orchard without disclosure to or consent from Plaintiff.

43.     As a direct and proximate result of Babygrande's breaches, Plaintiff has been damaged in an amount to be determined at trial, including but not limited to the unpaid recording fund balance of approximately $135,000 to $140,000, and all royalties and profit participation owed across three albums over seventeen years.

## FOURTH CLAIM FOR RELIEF

### Accounting

44.     Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

45.   Babygrande has exploited the Albums across streaming platforms, physical releases, digital downloads, synchronization licensing, and third-party distribution arrangements — including but not limited to a licensing arrangement with The Orchard — generating revenues from multiple streams over seventeen years. Plaintiff, as registered copyright owner of two Albums, contracting party for all three Albums, and co-author of musical compositions on multi-artist tracks, is entitled to a full accounting of all revenues generated from exploitation of the Albums from first release through judgment.

46.   No adequate remedy at law is available without a complete accounting of Babygrande's books and records. Plaintiff is entitled to a court-ordered accounting and to judgment for his contractual and ownership share of all revenues derived therefrom, including revenues generated through The Orchard licensing arrangement and any other downstream exploitation.

## FIFTH CLAIM FOR RELIEF

### False Designation of Origin — Lanham Act § 43(a), 15 U.S.C. § 1125(a)

47.   Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

48.   In licensing Plaintiff's sound recordings to The Orchard and in registering or causing The Orchard to register 100% SoundExchange claims on approximately 100 tracks from Plaintiff's Babygrande-era catalog, Babygrande made false or misleading representations of fact in interstate commerce concerning the origin and ownership of the sound recordings, falsely representing to The Orchard, to SoundExchange, and to the marketplace that Babygrande holds or held the exclusive right to license and collect performance royalties on Plaintiff's recordings.

49.   These misrepresentations are likely to cause and have caused confusion, mistake, and deception as to the true origin and ownership of Plaintiff's sound recordings, and constitute false designation of origin and false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

*Brito v. Babygrande Records, Inc.*

50.     Plaintiff has been damaged by Babygrande's false designations in an amount to be determined at trial, including lost licensing revenues, misdirected performance royalties, and harm to Plaintiff's ability to commercially exploit and control the exploitation of his own recordings. Plaintiff is entitled to Babygrande's profits derived from these misrepresentations, his actual damages, and injunctive relief pursuant to 15 U.S.C. § 1116.

## SIXTH CLAIM FOR RELIEF

### Declaratory Judgment — SoundExchange Royalty Rights (28 U.S.C. § 2201)

51.     Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

52.     An actual, substantial controversy exists between Plaintiff and Babygrande (and its downstream licensee The Orchard) regarding who holds the right to collect SoundExchange digital performance royalties on approximately 100 tracks from Plaintiff's Babygrande-era catalog. SoundExchange has placed these royalties in escrow pending resolution.

53.     Plaintiff is the registered copyright owner of Writer's Block 5 (SR0001055838) and Cinecrack (SR 1-068-282), the featured recording artist on all Albums, and a joint author under 17 U.S.C. § 201(a) of the musical compositions embodied in the multi-artist recordings at issue. These rights, independent of any Babygrande-to-Orchard licensing arrangement, entitle Plaintiff to collect SoundExchange performance royalties directly.

54.     Plaintiff is entitled to a declaration that: (a) Plaintiff holds the right to collect SoundExchange digital performance royalties on all tracks from his Babygrande-era catalog in which he is the sole or joint copyright owner; (b) Babygrande's purported assignment or license of those collection rights to The Orchard is invalid as against Plaintiff's superior registered ownership interests; and (c) SoundExchange should release all escrowed royalties on the disputed tracks to Plaintiff.

## SEVENTH CLAIM FOR RELIEF

### Unjust Enrichment

55. Plaintiff repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

56. Babygrande has received and retained substantial revenues from the exploitation of Plaintiff's recordings over approximately seventeen years, including streaming royalties, licensing fees from The Orchard and other third parties, digital download sales, synchronization licensing revenues, and SoundExchange and other performance royalties — without remitting any portion to Plaintiff.

57. It would be inequitable and unjust for Babygrande to retain these revenues without compensating Plaintiff. Plaintiff is entitled to recover the full amount by which Babygrande has been unjustly enriched at Plaintiff's expense, in an amount to be determined at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rusty Brito respectfully requests that this Court enter judgment as follows:

(a) Declaring that Plaintiff is the owner of the copyrights in Writer's Block 5 (Reg. No. SR0001055838) and Cinecrack (Reg. No. SR 1-068-282) and that Babygrande's ongoing exploitation of those albums without authorization constitutes willful copyright infringement under 17 U.S.C. § 501;

(b) Awarding Plaintiff statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2) in an amount up to $150,000 per infringed work, across all fourteen (14) tracks of Writer's Block 5 and all fifteen (15) tracks of Cinecrack;

(c) Preliminarily and permanently enjoining Babygrande from reproducing, distributing, publicly performing, licensing, or otherwise exploiting Writer's Block 5, Cinecrack, or any other recording in which Plaintiff holds copyright ownership, without Plaintiff's written authorization, pursuant to 17 U.S.C. § 502;

(d) Ordering Babygrande to provide a full and complete accounting of all revenues generated from the exploitation of all three Albums — Writer's Block 5, Politics & Bullshit, and Cinecrack — from first commercial release through the date of judgment,

including streaming, licensing (including all amounts received from The Orchard and any other distributor), digital downloads, synchronization, SoundExchange distributions, and all other revenue streams;

(e) Awarding Plaintiff his contractual share of all revenues, royalties, and profit participation under the Agreement, together with pre-judgment and post-judgment interest;

(f) Awarding Plaintiff damages for breach of contract, including the unpaid recording fund balance of approximately $135,000 to $140,000 for Cinecrack and all unpaid royalties across all three Albums;

(g) Awarding Plaintiff all damages and disgorgement of profits arising from Babygrande's violations of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1117, together with injunctive relief pursuant to 15 U.S.C. § 1116 directing Babygrande to cease making false chain-of-title representations to The Orchard, SoundExchange, or any other third party;

(h) Declaring that Plaintiff holds the exclusive right to collect SoundExchange digital performance royalties on all tracks from his Babygrande-era catalog in which he is the sole or joint copyright owner, and ordering SoundExchange to release all escrowed royalties on such tracks to Plaintiff;

(i) Awarding Plaintiff damages for unjust enrichment in an amount to be determined at trial, including all revenues Babygrande collected from The Orchard and other third parties in connection with Plaintiff's recordings;

(j) Awarding Plaintiff his attorneys' fees and costs pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision; and

(k) Granting such other and further relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

*Brito v. Babygrande Records, Inc.*

Respectfully submitted,


By: __/Kiara Santos /_____

Kiara Santos, Esq.
Mills Legal
14 Penn Plaza, Suite 2002
New York, NY 10122
ksantos@millslegal.com
Attorneys for Plaintiff Rusty Brito p/k/a JR Writer


Dated: June 30, 2026